

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-4-2006

# Marin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2727

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Marin v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1796.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1796

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2727
_____

HENRY MARIN,
                              Petitioner

v.

ALBERTO R. GONZALES,[1]
Attorney General of the United States,
U.S. BOARD OF IMMIGRATION APPEALS;
USCIS DISTRICT DIRECTOR,

                              Respondents.
_____

On Petition for Review of an Order of the
Immigration and Naturalization Service
Board of Immigration Appeals
(BIA No. A95-429-651)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 5, 2005
_____

Before: RENDELL, FISHER, VAN ANTWERPEN, Circuit Judges

(Filed: January 4, 2006)

_____

[1] Attorney General Alberto Gonzales has been substituted for former Attorney General John Ashcroft, the original respondent in this case, pursuant to Fed. R. App. P. 43(c).

1

_____

OPINION
_____

RENDELL, <u>Circuit Judge</u>.

Petitioner Henry Marin appeals from the Final Order of Removal of the Board of Immigration Appeals affirming a decision by the immigration judge denying Marin's Application for Asylum and Withholding of Removal. We conclude that Marin did not demonstrate past persecution or a well-founded fear of future persecution on account of his political opinions, and we will therefore affirm the Board's order.[2]

Marin was a Colombian national who entered the United States in March 2001 on a non-immigrant visa that authorized him to remain for a temporary period and depart no later than August 30, 2001. As is perhaps obvious, Marin overstayed his visa. He now relies upon three threatening phone calls made to him at various times while he was in Colombia as the basis for his claim of persecution and fear of future persecution.

In December 1997 and January 1998, Marin received phone calls related to a contract dispute involving the telecommunication company for which he worked. Three years later, in January 2001, Marin received another threatening phone call in which guerrillas demanded confidential information concerning his company's customers. The

_____

[2] We have jurisdiction to review the Board of Immigration Appeals' order under 8 U.S.C. § 1252(a).

2

immigration judge questioned whether such threats were the true reason Marin left Columbia, but concluded that even if they were, they were not based upon any of the five grounds for asylum enumerated in the Immigration and Naturalization Act ("INA"). *See* 8 U.S.C. § 1101(a)(42)(A) (2000) (defining a "refugee" as a person who is "unable or unwilling" to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion").

We review the immigration judge's determination, which is the final agency decision here, for substantial evidence, treating the immigration judge's findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005).

We have little difficulty in denying the petition for review because, as determined by the immigration judge, Marin offers no basis for a finding of past persecution, nor of future persecution, let alone any finding that such adversity was or would be visited upon him for one of the five enumerated grounds. The immigration judge denied the application for asylum, and similarly denied withholding of removal and protection under the Convention Against Torture. We conclude that this determination was supported by substantial evidence in view of the lack of evidence of any persecution.

Marin also alleges that the Board of Immigration Appeals violated his due process

3

rights and abused its discretion by affirming without opinion the immigration judge's determination.  We find that these arguments lack merit, *see Dia v. Ashcroft*, 353 F.3d 228, 239-43 (3d Cir. 2003), and will accordingly DENY the petition for review.

_____